IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RUTH A. FULTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| AP ACCOUNT SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | <u>Jury Trial Demanded</u> |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant AP Account' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in its illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Ruth A. Fulton (hereinafter referred to as "Plaintiff") is a natural person who resides in Cocke County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant AP Account Services, LLC (hereinafter "Defendant AP Account") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation

organized in Texas, that maintains National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, TN 37212-4927, as its registered agent for service of process.

## FACTUAL ALLEGATIONS

6. Defendant AP Account has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a deficiency balance owed on a loan for a vehicle owed to or serviced by SunCoast Schools Credit Union (hereinafter "SunCoast").

7. After default, Plaintiff's debt was consigned, sold or otherwise transferred to Defendant AP Account for collection from Plaintiff.

### *April 21, 2012 Collection Letter*

8. On or about April 21, 2011, Defendant AP Account sent a collection letter to Plaintiff dated April 21, 2011.

9. The April 21, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

10. The April 21, 2011 collection letter stated:

> "ACCOUNT IDENTIFICATION
> Re: Suncoast Schools FCU
> Account Number : 699603-21
> Account Name    : RUTH A FULTON
> Balance Due:    : $11,583.28"

(all capital letters in original)

11. The April 21, 2011 collection letter further stated that:

> "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request the name and address of the original creditor in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
> . . .
>
> **This notice has been sent by a debt collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose."**

(all bold letters in original)

### *August 18, 2011 Collection Letter*

12. On or about August 18, 2011, Defendant AP Account sent a collection letter to Plaintiff dated August 18, 2011.

13. The August 18, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

14. The August 18, 2011 collection letter stated:

> "Re:    Settlement Offer
>            699603-21
>            Principal         : $11,583.28
>            Interest           : $ 6,045.06
>            Fees               : $ 5,870.24
>            Payoff Amount : $23,498.58
> . . .
>
> **This notice has been sent by a debt collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose."**

(all bold letters in original)

### *Failure to Disclose the Amount of the Debt*
### *Within Five (5) Days of the Initial Communication*

15. The April 21, 2011 collection letter was the "initial communication" by Defendant AP Account with Plaintiff in connection with the collection of the debt.

16. Within five days after Defendant AP Account sent the April 21, 2011 collection to Plaintiff, Plaintiff had not paid the debt.

17. Defendant AP Account's April 21, 2011 initial communication which disclosed the amount allegedly owing did not state that the amount of the debt included interest that changes periodically and the letter did not expressly state as of what date that amount is due or what impact payment of the stated amount would have on the consumer's obligation to pay later-accruing interest.

18. Defendant AP Account's "initial communication" failed to correctly state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1) because it did not disclose the fact that interest is accruing and inform the Plaintiff of the applicable interest rate. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC,* 214 F.3d 872 (7th Cir. 2000); *Stonecypher v. Finkelstein Kern Steinberg & Defendant AP Account, Attorneys*, 2011 WL 3489685, at *5 (E.D. Tenn., Aug. 9, 2011).

19. Within five (5) days after the "initial communication", Defendant AP Account failed to send Plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

### *False Representation of the Amount of the Debt*

20. By failing to state the total amount due, including interest and other fees, in the April 21, 2011 collection letter, Defendant AP Account made a false, deceptive, and misleading representation in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the

character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *False and Unfair Representation of Compensation*

21. The contract for the debt that Defendant AP was attempting to collect did not expressly authorize the addition of $5,870.24 in fees to the principal balance of the debt.

22. By stating that Defendant AP was entitled to fees in the amount of $5,870.24, Defendant AP falsely represented the compensation that may be received by it for the collection of the debt, in violation of 15 U.S.C. § 1692e(2)(B), and the false representation of any compensation that may be lawfully received by a debt collector for the collection of a debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

23. The collection of $5,870.24 by Defendant AP Account for fees not expressly authorized by the agreement creating the debt was in violation of 15 U.S.C. § 1692f(1), and was the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

### *Summary*

24. The above-detailed conduct by Defendant AP Account in an effort to collect the alleged debt was a violation of numerous and multiple provisions of the FDCPA, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

26. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

27. The foregoing acts and omissions of Defendant AP Account and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of 15 U.S.C. §§ 1692 *et seq.*.

28. As a result of Defendant AP Account's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial by a jury; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant AP Account herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant AP Account:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant AP Account in an amount to be determined at trial by a jury, and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant AP Account and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant AP Account and for Plaintiff; and

- for such other and further relief as may be just and proper.

04/21/12                                      Respectfully submitted,

                                              **RUTH A. FULTON**


                                              /s/      Alan C. Lee
                                              Alan C. Lee, Esq., BPR # 012700
                                              Attorney for Plaintiff
                                              P. O. Box 1357
                                              Talbott, TN 37877-1357
                                              (423) 736-0201
                                              info@alanlee.com