IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RUTH A. FULTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12-CV-169 |
| | ) | |
| AP ACCOUNT SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |

## ANSWER OF AP ACCOUNT SERVICES, LLC

AP Account Services, LLC files this answer to the Complaint filed against it and would show:

## JURISDICTION AND VENUE

1. Defendant admits that Plaintiff filed an action alleging violation of the Fair Debt Collection Practices Act and that such is a federal question for purposes of jurisdiction.

2. Defendant admits that Plaintiff is alleging violations of Fair Debt Collection Practices Act but denies that it violated any law.

3. Defendant admits the venue is proper, but denies any transactions occurred in this jurisdiction.

## PARTIES

4. Defendant lacks sufficient information to either admit or deny the allegations of Paragraph 4 of the Complaint and therefore denies the allegations.

5. Defendant admits it is AP Account Services, LLC, that its registered agent for service of process in Tennessee is National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, Tennessee 37212-4927 and that is organized under Texas law. Defendant denies remaining allegations of Paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6. Defendant admits that Plaintiff has incurred an obligation to pay money to SunCoast Schools Federal Credit Union. Defendant is without sufficient information to either admit or deny the remaining allegations of Paragraph 6 of the Complaint and therefore denies same.

7. Defendant denies the allegations of Paragraph 7 of the Complaint as stated.

### *April 21, 2011 Collection Letter*

8. Defendant admits sending a letter to the Plaintiff dated April 21, 2011.

9. The April 21, 2011 letter speaks for itself and Defendant denies any effort to summarize or rephrase the letter. Further, the allegations of Paragraph 9 of the Complaint state a legal conclusion to which no response is required.

10. The April 21, 2011 letter speaks for itself and Defendant denies any attempts to summarize, rephrase or otherwise restate the letter.

11. The April 21, 2011 letter speaks for itself and Defendant denies any attempts to summarize, rephrase or otherwise restate the letter.

### *August 18, 2011 Collection Letter*

12. Defendant admits that it sent a letter to Plaintiff dated August 18, 2011. The letter speaks for itself and Defendant denies any attempts to summarize, rephrase or otherwise restate the letter.

13. The August 18, 2011 letter speaks for itself and Defendant denies any attempts to summarize, rephrase or restate the letter. Further, the allegations of Paragraph 13 of the Complaint state a legal conclusion to which no response is required.

14. The August 18, 2011 letter speaks for itself and Defendant denies any attempts to summarize, rephrase or otherwise restate the letter.

*Failure to Disclose the Amount of the Debt*
*Within Five Days of the Initial Communication*

15. The allegations of Paragraph 15 are a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

16. Defendant admits that to its knowledge, Plaintiff has not paid the obligation owed to SunCoast Schools FCU.

17. The April 21, 2011 letter speaks for itself and Defendant denies any attempt to summarize, rephrase or otherwise restate the letter.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required of Paragraph 18, Defendant denies same.

19. Paragraph 19 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required of Paragraph 19, Defendant denies same.

*False Representation of the Amount of the Debt*

20. Paragraph 20 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required of Paragraph 20, Defendant denies same.

*False and Unfair Representation of Compensation*

21. The contract referenced in Paragraph 21 speaks for itself and Defendant denies any attempt to summarize, rephrase or otherwise restate the contract.

22. Paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required of Paragraph 22, Defendant denies same.

23. Paragraph 23 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required of Paragraph 23, Defendant denies same.

24. Paragraph 24 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required of Paragraph 24, Defendant denies same.

## TRIAL BY JURY

25. Paragraph 25 of the Complaint does not assert allegations against the Defendant, so that no response to Paragraph 25 of the Complaint is required.

## CAUSES OF ACTION

## COUNT 1.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 *et seq.*

26. Defendant incorporates by reference all of its responses to Paragraphs 1 through 25 as if specifically restated herein.

27. Defendant denies Paragraph 27 of the Complaint.

28. Defendant denies Paragraph 28 of the Complaint.

29. Any allegation of the Complaint not specifically admitted above is hereby denied.

## PRAYER FOR RELIEF

Defendant denies that the Plaintiff is entitled to any relief requested in the Complaint.

## DEMAND FOR JURY TRIAL

Please take note that Defendant AP Account Services, LLC demands a jury trial in this matter.

## AFFIRMATIVE DEFENSES

1. Defendant fails to state a claim for which relief may be granted.

2. Defendant relies upon the Federal Trade Commission Advisory opinions and opinions of the Commission. Pursuant to 15 U.S.C. §1692K(e), no liability may be imposed against the Defendant as the acts done or omitted in this matter were done or were admitted in good faith and conformity with advisory opinions of the Federal Trade Commission.

3. This action is brought in bad faith for a purpose of harassment of the Defendant, Defendant request the Court award the Defendant's attorneys reasonable attorneys fees reasonable in relation to the work extended and their costs in defending this cause pursuant to 15 U.S.C. §1692K(a)(3).

4. Defendant denies it violated the act; however, to the extent that Defendant is found to be in violation of the Fair Debt Collection Practices Act, the violation was not intentional and resulted from a bona fide error not withstanding the maintenance of procedures reasonably adopted to avoid such errors, so that Defendant may not be held liable for any action brought under the act.

5. To the extent the Plaintiff's claims relate to conduct occurring a year prior to the filing of the Complaint, said claims are barred by the statute of limitations.

6. Defendant reserves the right to assert additional defenses as discovery progresses in this case.

WHEREFORE, premises considered, Defendant prays upon a hearing hereof, that this matter be dismissed with all costs taxed to the Plaintiff. Defendant further prays for any additional relief to which it may be entitled.

>Respectfully submitted,
>
>CHAMBLISS, BAHNER & STOPHEL, P.C.
>
>By: */s/ Stephen D. Barham*
>    Richard W. Bethea, TN BPR No. 006352
>    Stephen D. Barham, TN BPR No. 019292
>1000 Tallan Building
>Two Union Square
>Chattanooga, TN  37402-2500
>Phone:  (423) 756-3000
>Fax:    (423)265-9574
>E-mail: RBethea@cbslawfirm.com
>E-mail: SBarham@cbslawfirm.com
>
>*Attorneys for* **AP ACCOUNT SERVICES, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of June, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

      Alan C. Lee, Attorney
      Post Office Box 1357
      Talbott, TN 37877-1357
      Email: info@alanlee.com


      CHAMBLISS, BAHNER & STOPHEL, P.C.

    By:   */s/ Stephen D. Barham*
          Stephen D. Barham